**Ahamed Haja Umar FAROOK,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71108.

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted July 12, 2004.*

Decided July 21, 2004.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, William C. Peachey, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Ahamed Haja Umar Farook ("Farook") petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmation of the Immigration Judge's ("IJ") decision denying him asylum, withholding of removal and relief under the Convention Against Torture. We review the IJ's decision and affirm.

 Although the IJ noted in passing that Farook's testimony contained some

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

inconsistencies, there was no explicit credibility determination. *See Manimbao v. Ashcroft,* 329 F.3d 655, 658–59 (9th Cir. 2003). Taking Farook's testimony as true, there is no evidence in the record that compels the conclusion that the men who attacked Farook were individuals that the Indian government was "unwilling or unable to control." *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000). Nor is there evidence that compels the conclusion that he was beaten "on account of" his affiliation with the Council for Adirai Promotion. *Id.; see also Navas v. INS,* 217 F.3d 646, 656–57 (9th Cir.2000). Substantial evidence therefore supports the IJ's conclusion that Farook had failed to demonstrate past persecution.

■ Substantial evidence also supports the IJ's conclusion that Farook failed to meet his burden with regard to an independent fear of future persecution. Farook's inability to speak the language of the majority of his native country and his speculation that some police stations "may" have pictures of him are not circumstances that compel the conclusion that Farook has an objective fear of future persecution should he return to India. *Navas,* 134 F.3d at 657.

PETITION FOR REVIEW DENIED.

